052416Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| BRUCE LEE FOWLKES,<br><br>                Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>                Defendant. | No. 15 cv 2091 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability income benefits. Briefing concluded May 12, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) (1) failed to properly evaluate plaintiff's credibility, (2) failed to give proper weight to a treating psychiatrist, and (3) failed to properly evaluate his subjective allegations. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 55-year-old man with a high school education and past work history as a machine operator and molding machine tender. He filed an application for disability benefits alleging shoulder paid and anxiety issues. The ALJ determined plaintiff's Residual Functional Capacity (RFC) to perform light work as defined by 20 C.F.R. § 404.1567(b), with certain limitation and additions. Relying on vocational expert (VE) testimony, the AJ determined that plaintiff could perform work as a marker, light bagger, and folder, and as such was not disabled.

Regarding plaintiff's first argument, that the ALJ's RFC determination is flawed because the ALJ improperly judged plaintiff's credibility on his subjective allegations, the court finds that the ALJ was within his discretion to find that plaintiff's subjective statements were not entirely credible. The ALJ found plaintiff not fully credible based on his work history, daily activities, his own statements, his treatment record, and inconsistencies with objective medical findings by Doctors Jain and Brown. Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." Moore, 572 F.3d at 524 (quoting Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001). The ALJ's credibility finding is supported by the record.

Regarding plaintiff's second argument, that the ALJ improperly give too little weight to the opinion of treating psychiatrist A. Rahim, M.D., an ALJ must assign

2

controlling weight to a treating-source's medical opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. § 404.1527(c)(2). If a treating-source opinion is not entitled to controlling weight, then the opinion should be weighed along with the other medical-opinion evidence pursuant to the criteria set forth in 20 C.F.R. § 404.1527(c)(2). Relevant factors include:

1. whether the expert examined the claimant;

2. whether and to what extent the expert treated the claimant;

3. whether the opinion relies upon probative evidence and provides a persuasive rationale;

4. the consistency of the opinion with the record as a whole;

5. the specialization, if any, of the medical source; and

6. any other relevant considerations, including the source's familiarity with the Commissioner's standards and the extent to which the source is familiar with the case record.

Id. § 404.1527(c)(1)-(6). The Eighth Circuit Court of Appeals, consistent with the governing regulations, recognizes that treating-source opinions are generally entitled to "substantial weight" but that an ALJ may "justifiably discount" such an opinion when it is "inconsistent or contrary to the medical evidence as a whole." Martise v. Astrue, 641 F.3d 909, 925 (8th Cir. 2011). An ALJ may reject a treating source opinion that is unsupported by treatment notes. Id. at 925-26.

Dr. Rahim issued multiple opinions in this case, all of which the ALJ discussed. First, in an October 2012 letter, Dr. Rahim opined that plaintiff had major

3

depressive disorder with psychotic features and a history of panic attacks (Tr. 281). Second, Dr. Rahim opined in a February 2013 letter that plaintiff continued to have anxiety, depression, and an inability to work (Tr. 311). Third, in March 2014, Dr. Rahim completed a Medical Source Statement (Tr. 316-320), in which Dr. Rahim checked boxes indicating that plaintiff had mild to serious limitations in his ability to perform a number of work-related tasks (Tr. 316-317).

The ALJ considered Dr. Rahim's opinions but found they were entitled to little weight (Tr. 27-28). Specifically, the ALJ found that Dr. Rahim's opinions were unsupported by the rest of the record, conclusory, and were contradicted by Dr. Brown's objective clinical findings (Tr. 27-28). Dr. Brown's testing demonstrated that plaintiff was cognitively intact and functioning at an average intellectual level (Tr. 300-301). The ALJ also noted that Dr. Rahim's opinion that plaintiff would have difficulty with supervisors contradicted plaintiff's own testimony (Tr. 27, 57-58). An ALJ may reject an opinion that is conclusory or unsupported, see Cline v. Colvin, 771 F.3d 1098, 1103-04 (8th Cir. 2014), or that is refuted by other medical evidence, including opinions from consultative examiners, as here, see Smith v. Colvin, 756 F.3d 621, 626-27 (8th Cir. 2014).

Regarding plaintiff's third and final argument, plaintiff argues that the ALJ erred in finding plaintiff not disabled at step five. Plaintiff's arguments here are conclusory, and substantively add nothing new but merely repeat the two previous arguments. Plaintiff argues that the VE's testimony in response to the ALJ's

4

hypothetical question warrants a finding of disability. That is not what the VE testified to. The VE testified that a claimant with plaintiff's RFC could perform jobs such as marker, light bagger, and folder, prior to the established onset date (Tr. 31, 60-61). The transcript does not reveal confusion or infirmity. The interchange between the ALJ and the VE reveals an effort by two professionals to resolve the VE's initial uncertainty about the hypothetical (Tr. 60).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

May 24, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

5